## Scott M. Wheeler *v.* Roman W. Slocinski.

A mortgagee selling property under a power of sale mortgage acts as the trustee of the mortgagor. As to matters covered by the statute and the power, he performs his whole duty if he meets their requirements. But as to matters which are left to his own discretion, he is held to the exercise of good faith and due diligence to protect the mortgagor's interests.

A mortgagee is not under obligation to postpone the sale of the mortgaged property until the season of the year when it will sell to the best advantage.

Bad faith on the part of the mortgagee cannot be implied from a sale which complies with all the requirements of the statute and the power.

The mortgagee being the only prospective purchaser present at the time advertised for the sale is liable in damages to the mortgagor if good faith or due diligence would have led him to postpone the sale.

The measure of damages in such a case is the difference between what the property was purchased for by the mortgagee and what it would have brought if the sale had been postponed for a reasonable time, rather than if it had been postponed to the most favorable time.

Credit should be given the mortgagor for wood cut by him and left on the farm, and taken by the mortgagee.

Assumpsit, for balance due on a note. A farm mortgage securing the note was foreclosed under a power of sale contained in it, and at the auction the plaintiff bid off the property for less than its market value. He, his attorney, and the auctioneer were the only ones present. All express requirements of the statute and power were observed, and the defendant as mortgagor had seasonable notice of the sale. The court found that the plaintiff knew his bid was less than the property was worth and that the sale was not advertised in a way and conducted at a time when purchasers could have been expected to attend, and was not the kind of auction to establish market value. On these facts it was found that "the plaintiff did not perform in full the duty which he owed the defendant in the sale of the property, and that it cannot be said that he acted in good faith in bidding the property off to himself at the amount of $1300," and recoupment was allowed the defendant to the amount of the excess of value over the bid. Transferred by *Burque,* J., on the plaintiff's exception to the allowance of recoupment.

*Irving E. Forbes* (by brief and orally), for the plaintiff.

*Maurice F. Devine* (by brief and orally), for the defendant.

ALLEN, J.  "The mortgagee in the exercise of the power of sale acts as a trustee of the mortgagor.  Although he has the right to sell the property for the payment of the mortgage debt, all the proceeds of the sale above the amount necessary for that purpose belong to the mortgagor.  In the performance of this duty he must exercise good faith and reasonable diligence to protect the rights of the mortgagor under the terms of the power.  He must use reasonable efforts to obtain a fair price for the property, in properly advertising and conducting the sale in those particulars which the contract leaves to his determination."  *Pearson* v. *Gooch*, 69 N. H. 208, 209.

This principle was not affected by the later enactment of legislation relating to powers of sale in mortgages.  The acts (Laws 1899, *c.* 19; Laws 1905, *c.* 2; Laws 1923, *c.* 115) in their requirement of certain essentials in the execution of the power are not to be construed as making such essentials the sole and exclusive test of good faith and reasonable diligence.  Such a construction is not only inconsistent with general equitable principles, but is fairly negatived by the phraseology of the first act on the subject, section 3 thereof providing that "the mortgagee . . . may . . . give such notices and do all such acts as are authorized or required by the power; but no sale under . . . a power . . . shall be valid . . . to foreclose such mortgage unless" certain specified things are done.  This language fairly indicates a purpose to establish additional or independent essentials rather than to declare a definition of full duty and requirement.  The requirements set forth in the power are still to be observed, and the evident purpose to protect the mortgagor's interest is not to be defeated or impaired by a construction which dispenses with duties not inconsistent with those laid down by the acts.

While the legislation permits the mortgagee to be a purchaser unless the terms of the power forbid it, thus changing the doctrine established in *Very* v. *Russell*, 65 N. H. 646, such right does not alter or modify, although it may affect, the duties owing the mortgagor.  It was the design of the statute to enable the mortgagee to sell without the risk of sacrificing his security, but not to weaken the protection of the mortgagor's equity.

So far as the power itself defines the details of notice and execution in addition to, or not inconsistent with, statutory requirements, and provides for a sale in compliance with them, such provisions constitute an agreement of liquidated reasonableness, and their

observance leaves open no inquiry as to their sufficiency, since the mortgagor has bound himself to a sale so advertised and so conducted. But so far as details are left to the mortgagee's judgment and discretion, they must be administered in the exercise of good faith and due diligence to protect the mortgagor's interests.

The duties of good faith and due diligence are distinct according to their usual and respective definitions. One may be observed and not the other, and any inquiry as to their breach calls for separate consideration of each.

As the court's finding is understood and construed, a conclusion of bad faith from the facts appearing is deduced. Such a finding could not reasonably be made from such facts. The statute and the terms of the power were fully observed. The defendant had seasonable notice of the sale. The right to foreclose under the power for a breach of the condition of the mortgage was not limited to a time of the year when a sale would bring the most, and although the sale did not take place "at a time when prospective purchasers could have been expected to attend," this was by reason of seasonal obstacles which the mortgagee could overcome only by a delay which the terms of the mortgage did not call for, but rather dispensed with. The mortgage provided that the power of sale might be exercised upon any default, and the purpose of the power to provide for prompt and efficient measures to apply the security in payment of the debt upon a default would be disregarded if a requirement to await favorable conditions for selling were imposed. The sale took place on an ordinary winter day, and at a proper hour of the day, and it being the mortgagee's right to have such a sale, no evidence of bad faith therefrom may be inferred, nor from his knowledge of the unfavorable conditions of a sale in winter. Likewise there is no evidence of bad faith in the advertisement of the sale. since the power by its terms authorized a sale so advertised. The mortgagor, having consented by the power to a sale so advertised and at such a time, may not complain of bad faith on the mortgagee's part for acting in pursuance of such consent.

Although up to the time of the auction the plaintiff had done all that was required of him, yet he was not necessarily entitled to proceed with the sale. He had control over the conduct of the auction, and in such control represented the mortgagor as well as himself. The advertisement gave him no rights as a prospective bidder. "An announcement that a person will sell his property at public auction to the highest bidder is a mere declaration of inten-

tion to hold an auction at which bids will be received." *Anderson v. Wisconsin &c. Company*, 107 Minn. 296, 314. The plaintiff would have incurred no liability in calling off the auction had other bidders been present, and he had the right to adjourn the sale. His right to be a purchaser, while it gave him the right to buy the property as cheaply as he could, did not give him the right that it should be sold. In this respect he stood no differently from anyone else wishing to buy. The statutory authority to be a purchaser gave him no advantage over other purchasers. His duty to act in good faith and with due diligence to obtain as much as he could for the property applied to the conduct of the auction as well as to its advertisement. In such conduct of the auction this duty in its details neither the statute nor the contract of the parties defined. The duty was to be performed in the light of his right to be a purchaser at a sale, rather than to enable him to purchase. The situation created by the statute authorizing the mortgagee to buy and thus permitting the exercise of personal interest conflicting with fiduciary duty as unfavorably regarded by equity, is not to be made a still greater hardship on the mortgagor by dispensing with the duty or by giving the personal interest prevalence over it. The facts that he was the only bidder present and that if the sale went on he could buy at his own figure were to be considered by him among the relevant circumstances. While the right to sell was not necessarily dependent upon the presence of more than one bidder, yet if adjournment with reasonable notice would probably result in a sale at a substantially higher figure, due diligence might require such action. Adjournment likely to lessen the security of the debt was not called for, but if a higher price were probable, such a result would not be probable. Subject to avoidance of risk of loss by delay, he was fairly required to adjourn the sale, since it is common knowledge that no one proceeds with an auction sale of property which he has an interest or duty to protect when there is only one person present to bid and there are no conditions or agreement to insure a satisfactory bid from him.

The issues of bad faith and lack of due diligence in not adjourning the sale have not yet been passed upon, but remain to be determined. As distinct inquiries, to constitute bad faith there must be an intentional disregard of duty or a purpose to injure. If there was no purpose to take advantage of the defendant, but the plaintiff thought he had the right to proceed with the sale after compliance with the preliminaries, bad faith may not be found. Lack of due

diligence and his conduct in buying the property as he did are not enough to show it. Consciousness of acting wrongfully must appear, and if the evidence is as consistent to show good as bad faith, the burden of proof is not met. The issue of the lack of due diligence is whether a reasonable man in the plaintiff's place would have adjourned the sale.

If the defendant prevails on either issue, the further inquiry then arises of the amount the farm would probably have brought at an adjourned sale reasonably advertised. If the sale should have been adjourned, the plaintiff was not required to adjourn beyond a reasonable time, and the defendant's loss is shown by the price obtainable on a fair sale reasonably adjourned rather than the price obtainable when the season for selling was most favorable. If reasonable adjournment did not extend beyond the winter season, then a winter sale price would determine the amount for which the plaintiff should be charged.

The question of the purchaser's title when the requirements of the statute and the power are followed, but there is a breach of the duty to use good faith and due diligence, is not here involved and is not considered. The sale is not sought to be set aside, and the mortgagor's claim is against the mortgagee to have him charged for what the property should have brought.

The defendant cut and left some wood on the farm, and the plaintiff took it. Credit to the defendant for its value was properly allowed. It was a part of the security for the debt, and its appropriation by the plaintiff discharged the debt to the extent of its value. The exception relative thereto is overruled.

*New trial.*

All concurred.