**CONCORD SAVINGS BANK, Plaintiff,**

**v.**

**Louis FREITAS, Defendant.**

**Civ. A. No. 90–13002–C.**

United States District Court,
D. Massachusetts.

Aug. 22, 1991.

David J. Braiterman, Hibbard & Spinella, P.A., Concord, N.H., for plaintiff.

William T. Condon, Law Office of William T. Condon, North Easton, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

### I.

Plaintiff, Concord Savings Bank ("Concord"), is a New Hampshire chartered bank. Defendant, Louis Freitas, is a Massachusetts resident. Jurisdiction in this Court is founded upon diversity of citizenship. 28 U.S.C. § 1332 (1966 & Supp.1991). Freitas was co-maker on two notes in favor of Concord, in the amounts of $100,000 and $315,000. Both notes were secured by mortgages on real property known as Lords' Mills Estates, in Epsom, New Hampshire. It is undisputed that defendant defaulted on both notes by failing to make the required payments of principal and interest. As a result of defendant's default, in August, 1990, Concord commenced foreclosure proceedings in accordance with the power of sale provisions of the notes. The mortgaged property was eventually sold at public auction on September 25, 1990 for $195,800.

Concord brought the present action to recover for deficiency under the notes in the amount of $147,460.90, attorney's fees, interest and costs.[1] Defendant counterclaimed, blaming the deficiency on Concord's handling of the foreclosure sale.[2] The case is currently before this Court on Concord's motion for summary judgment on its claim and on defendant's counterclaim. Upon consideration, Concord's motion for summary judgment should be denied.

### II.

■ Summary judgment in favor of Concord would be appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the moving party, Concord bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323,

---

1. A case is likewise pending in New Hampshire state court against the co-maker of the note.

2. Defendant's counterclaim reads in relevant part:
   1. This instant action is for the purposes of collecting a deficency [sic] due to the Bank as the result of a real estate foreclosure and auction on a piece of real estate known as Lords' Mill Estates.
   2. The property is located in Epsom, New Hampshire.
   3. The Bank improperly and incorrectly identified the Lords' Mill Estates in its advertisements for said auction in the following manner:
      a. the current zoning status was inaccurate;
      b. the access to the property was inaccurately stated;
      c. present stage of development was inaccurately stated.
   4. The Plaintiff Bank was informed of these inaccuracies prior to the foreclosure sale.
   5. The Plaintiff Bank elected to continue and conduct the foreclosure auction without observance of the required advance advertisement.
   6. The Plaintiff Bank's actions were tantamount to a collective chilling of the sale.
   7. The chilling of the sale gives rise to the deficiency between the price paid at the faulty foreclosure auction and the value of a properly advertised and described property.

106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party asserts that there is a lack of evidence to support the nonmoving party's case, the nonmoving party must come forward with specific facts demonstrating an issue of material fact. *Sheinkopf v. Stone*, 927 F.2d 1259, 1261 (1st Cir.1991). One way of meeting this burden is by showing that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554. It must always be remembered that on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). In light of this standard, this Court shall examine Concord's claim against the defendant, and defendant's counterclaim.

The crux of the parties' dispute is whether defendant is entitled to a setoff due to Concord's alleged poor handling of the foreclosure sale. Specifically, defendant's counterclaim alleges that Concord made several errors in the advertisements for the auction, and that Concord improperly held the auction at the scheduled time despite having been notified by defendant of the alleged advertising errors. Concord argues that, even assuming the facts alleged in defendant's counterclaim to be true, defendant's claim is barred based on N.H.Rev.Stat.Ann. § 479:25 (1983 & Supp. 1990). Under section 479:25, a mortgagor has the right to petition the superior court for the county where the mortgaged property is located to enjoin a foreclosure sale. According to the same section, "[f]ailure to institute such petition and complete service upon the foreclosing party, or his agent, conducting the sale prior to sale shall thereafter bar any action or right of action of the mortgagor based on the validity of the foreclosure." *Id.* Concord's argument is that defendant's counterclaim is barred because defendant never petitioned the court to enjoin the sale.

In making this argument, Concord relies on the New Hampshire Supreme Court's discussion of section 479:25 in *Murphy v. Financial Dev. Corp.*, 126 N.H. 536, 495 A.2d 1245 (1985). In *Murphy*, the plaintiffs complained about the lenders' conduct at the time of the sale. Specifically, the lenders were the only bidder at the auction, bidding $27,000. The lender then resold the property two days later for $38,000. *Id.* at 539, 495 A.2d 1245. In response, the lenders made the same argument as Concord, namely, that plaintiffs' failure to petition for injunction prior to the foreclosure barred their claims. *Id.*

In resolving this issue, the court construed section 479:25 as barring "any action based on facts which the mortgagor knew or should have known soon enough to reasonably permit the filing of a petition prior to the sale." *Id.* at 540, 495 A.2d 1245. Applying this standard, the court concluded that section 479:25 did not bar plaintiffs' claims because a petition would have been impossible given that the only illegality or unfairness occurred during the sale itself. *Id.* Concord relies on this portion of *Murphy*, arguing that defendant had knowledge of the alleged advertising errors before the auction, and therefore, that defendant had more than enough time to petition to enjoin the sale.

In so arguing, Concord overlooks the second portion or aspect of *Murphy* in which the court held that a lender is not only responsible for complying with the procedural requirements mandated by statute, such as notice and advertising, but must also fulfill its duty of exercising good faith and due diligence in executing the foreclosure. *Id.* Thus, the New Hampshire Supreme Court in *Murphy* observed that a lender can be found to have violated its duty to exercise good faith and due diligence even though the lender has complied with all of the statutory requirements regarding notice of the foreclosure sale. *Id.* at 543, 495 A.2d 1245; *see National Envtl. Sys. Corp. v. Long Pond Realty Trust (In re National Envtl. Sys. Corp.)*, 111 B.R. 4, 10 n. 3 (Bankr.D.N.H.1989).

It is necessary to examine briefly the duty of good faith and due diligence in order to determine whether Concord is entitled to summary judgment. The duties of good faith and due diligence are distinct and are essentially that of a fiduciary. *Murphy*, 126 N.H. at 541, 495 A.2d 1245. In order to demonstrate bad faith, " 'there must be an intentional disregard of duty or a purpose to injure.' " *Id.* at 542, 495 A.2d 1245 (quoting *Wheeler v. Slocinski*, 82 N.H. 211, 214, 131 A. 598 (1926)). Compliance with statutory requirements is evidence of good faith. *See id.* To determine whether a lender failed to exercise due diligence, on the other hand, the issue is whether a reasonable person in the lender's position would have adjourned the foreclosure sale. *Id.; Merrimack Indus. Trust v. First Nat'l Bank of Boston*, 121 N.H. 197, 202, 427 A.2d 500 (1981); *Wheeler v. Slocinski*, 82 N.H. 211, 215, 131 A. 598 (1926).

Viewing defendant's counterclaim against these two standards, there exists an issue of material fact regarding whether Concord violated either or both of its duties. Defendant's counterclaim alleges that Concord's advertisements contained certain errors. Further, the counterclaim alleges that despite being notified of the errors, Concord conducted the sale as scheduled. Concord has focused entirely on its argument under section 479:25, and has failed to meet its burden of demonstrating a lack of evidence supporting defendant's claim such that no reasonable jury could conclude that Concord breached either or both of its common law duties. Thus, defendant's allegations in his counterclaim are sufficient to raise a genuine issue of material fact.

It must be emphasized, however, that the question of the accuracy of Concord's advertisements is only pertinent as it relates to whether Concord breached its duty to exercise good faith and due diligence. Concord is correct in its assertion that section 479:25 bars litigation of whether its violation of the statutory procedural requirements entitles defendant to a setoff. If plaintiff wanted to challenge the foreclosure based solely on the alleged procedural violations, it should have filed a petition to enjoin the foreclosure sale. Thus, the alleged pre-sale errors will only be litigated to the extent that they bear on whether Concord fulfilled its duties of exercising good faith and due diligence.[3]

For all of the reasons stated above, defendant's motion for summary judgment should be denied.

Order accordingly.

---

3. This approach has been taken by at least one New Hampshire court. In *Merrimack Industrial Trust v. First National Bank of Boston*, the defendant lenders, like Concord, brought a motion to dismiss, arguing that section 479:25 barred plaintiff's action. 121 N.H. 197, 199–200, 427 A.2d 500 (1981). In its rendition of the procedural history of the case, the New Hampshire Supreme Court stated that the superior court judge "denied the motion with the proviso that matters leading up to the foreclosure sale could not be litigated except as they related to the bank's duty to exercise good faith in conducting the sale." *Id.* at 200, 427 A.2d 500. It could be inferred that the New Hampshire Supreme Court implicitly approved such an approach, as it made no indication that the superior court should have handled the motion any other way.